IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NOs. 08-20046-CIV-O'SULLIVAN
08-22620-CIV-O'SULLIVAN
08-22619-CIV-O'SULLIVAN
[CONSENT]

BOREL VENANT and
CLAIRCINA SINOIS,
individually and on behalf of all
other persons similarly situated,
    Plaintiffs,
v.
JOHN C. TORRESE, T-N-T FARMS, INC.,
and QUALITY KID PRODUCE, INC.,

    Defendants.
_____/

FELIQUE LOHIER, CHOUPETTE
JOSEPH and TELINA LAURENT,
individually and on behalf of all
other persons similarly situated,
    Plaintiffs,
v.

JOHN C. TORRESE, T-N-T FARMS, INC.,
and QUALITY KID PRODUCE, INC.,
    Defendants.
_____/

TELINA LAURAENT, ROMERE FREDERICK,
and GLORIA PIERRILIEN, individually and
on behalf of all other persons similarly situated
    Plaintiffs,
v.

JOHN C. TORRESE, T-N-T FARMS, INC.,
and QUALITY KID PRODUCE, INC.,
    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT ON FLSA CLAIMS**

THIS MATTER came before the Court following notice that the parties have

resolved the named plaintiffs' FLSA claims and the Court having conducted a hearing on May 13, 2009 concerning the settlement.

THE COURT has heard from counsel and considered the settlement agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This is a class action lawsuit which includes a claim for minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA") on behalf of the named plaintiffs: ROMERE FREDERICK, CHOUPETTE JOSEPH, FELIQUE LOHER, GLORIA PIERRILIEN, CLAIRCINA SINOIS and BOREL VENANT.  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation.  Id. at 1354.

In this case, the named plaintiffs would have difficulty in establishing a prima facie case and proving the hours they actually worked. Additionally, there is a bona fide dispute over whether the defendants were joint employers under the FLSA. The Court finds that the compromise reached by the parties, that the plaintiffs' FLSA claims would be subsumed into their claims under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, et seq., is a fair and reasonable resolution of the parties' bona fide disputes.  Accordingly, it is

ORDERED AND ADJUDGED that the parties' settlement agreement in regard to the FLSA claim is hereby **APPROVED**. It is further

ORDERED AND ADJUDGED that the plaintiff's counsel is permitted, if the defendants agree, to provide settlement funds up to the amounts listed in the Proposed Final Order (DE# 93-2 at 4, 5/12/09) to the named plaintiffs.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **13th** day of May, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel of record